UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARIA J. QUINONES,

              Plaintiff,

-against-

LYDIG SHOPPING CENTER, et al,

              Defendants.

ORDER OF DISMISSAL

25-CV-3850 (LLS)

LOUIS L. STANTON, United States District Judge:

       This action was originally filed in the United States Eastern District for the Eastern District of New York, which transferred it here.[1] By order dated May 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] A second action from the same Plaintiff was transferred in from the United States District Court for the Eastern District of New York on the same date, May 8, 2025; that action was opened in this court as *Quinones v. Biolife Plasma Services Inc.*, No. 25-CV-3855 (LTS). Plaintiff also brought an earlier action seeking "removal of all sorts of inplantations and illegal hackable status for [her]self and two childrens." *Quinones v. City of New York*, No. 24-CV-9758 (LLS) (S.D.N.Y.) (action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaints.[2] Plaintiff sues more than two dozen stores, restaurants, gyms, schools, and other entities, including Bronx Park Middle School, Elementary School, P.S. 105, Sen Abraham Bernstein, Elisbely Dominican Beauty Salon Corp., European Meat Markets, Fatima Shabi or Shabzzz, Franchesca's Daycare, J Flava's Jamaican American Restaurant, Kiruens Bar + Loudge, Lil Inventors Child Care Child Care Center, Living Word Tabernacle, Lydig Shopping Center, Martis Rojas & Relatives, Metro by T-Mobile, P.S. 109, Planet Fitness, Psychic Store, S&J Discount Liquors, Sammy's Barber Shop, Shopping Center and Residents, Tambo Deli Grocery, Today Woman Unisex Inc., West Tremont & University Avenue, and Young Voices Academy of the Bronx.

Plaintiff alleges that there is "cause of suspicious illegal organized crime activity and corruption involving all suspicious listed here and many more in which I did not have time or space to inject." (ECF 1 at 11.) She notes that she is "bringing to the attention of the court of

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

USA" these "suspicions and gangs activity as well as cults of undergrounds illegal sorts of methods of" crime. (*Id.*) Plaintiff states that she and her dependent children are victims but does not identify what relief she is seeking.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

The Court construes Plaintiff's complaint with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, but concludes that the allegations do not plausibly allege a violation of Plaintiff's rights. Even if Plaintiff has uncovered evidence of cults or criminal activity, or was the victim of criminal activity, her remedy is to report such conduct to law enforcement authorities. She has not alleged facts suggesting a civil tort on the part of any one of the dozens of defendants. Moreover, Plaintiff cannot initiate the arrest and prosecution of an

3

individual because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981), and prosecutors are "immune from control or interference by citizen or court," *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). These allegations thus do not state a claim on which relief can be granted, and the Court therefore dismisses Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief can be granted and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated:  June 25, 2025
        New York, New York

                                            *Louis L. Stanton*
                                          ─────────────────────
                                             Louis L. Stanton
                                                U.S.D.J.